IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES D. WILKINS (#134578), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1685 |
| | § | |
| SHERIFF CHARLES WAGNER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Charles D. Wilkins (#134578, former TDCJ #328263, #441885, #666118, #866422, #1095281), also known as Richard Clippe, also known as Charles Stevens, is an inmate in custody of the Brazoria County Detention Center. Wilkins has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. Wilkins appears *pro se* and he requests leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

### I.   BACKGROUND

Wilkins sues Brazoria County Sheriff Charles Wagner and Nathaniel Quarterman, who presently serves as Director of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Wilkins reports that he was arrested and jailed at the Brazoria County Detention Center on November 28, 2007. After spending approximately 156 days in jail, Wilkins was convicted in the 239th Judicial District Court

for Brazoria County, Texas, on May 1, 2008, of theft charges that were lodged against him in cause number 56366. As a result, Wilkins was reportedly given a sentence of 180 days in a state jail facility. Wilkins insists that, with credit for time served in jail, he was eligible for release from custody on May 25, 2008.

When officials failed to release him on May 25, 2008, Wilkins filed a civil rights complaint seeking relief under 42 U.S.C. § 1983 from his continued incarceration. The complaint is dated May 27, 2008. In that complaint, Wilkins claims that Sheriff Wagner has negligently refused to release him from the Brazoria County Detention Center. For reasons that he does not specify, Wilkins blames TDCJ for the failure or refusal of jail officials to release him in a timely manner.

Wilkins complains that the defendants have violated his civil rights by holding him illegally in excess of his 180-day sentence. Wilkins seeks monetary damages in the amount of $1,000 for every day that he has been incarcerated beyond the expiration of that sentence. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.     STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim

upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide

the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III.    DISCUSSION

Wilkins plainly seeks monetary damages for alleged violations of his civil rights in connection with his continued imprisonment. To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint

must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

Wilkins does not allege or show that the sentence at issue has been overturned or otherwise invalidated. Because Wilkins's allegations would, if true, necessarily imply the invalidity of his continued incarceration, his civil rights claims are not cognizable under 42 U.S.C. § 1983 at this time and his complaint must be dismissed with prejudice.[1] *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* (Doc. # 2) is **GRANTED**.

2. Officials in charge of inmate trust funds at the Brazoria County Detention Center are **ORDERED** to deduct funds from the inmate trust account of Charles D. Wilkins (#134578) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim under 42 U.S.C. § 1983.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail**

---

[1] The Court declines to reclassify this case as a habeas corpus proceeding under 28 U.S.C. § 2254. There is no record that Wilkins has made any effort to challenge his continued confinement in state court. Therefore, it appears that Wilkins has not exhausted available state court remedies as required by the federal habeas corpus statutes.

to: **(1) the Brazoria County Detention Center, 3602 County Road 45, Angleton, TX 77515, Attention: Jail Administrator; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on <u>May 30th</u>, 2008.

_____
Nancy F. Atlas
United States District Judge